122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josh THOMAS, Petitioner-Appellant,
v.
D.R. HILL, Respondent-Appellee.
 No. 96-16506.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997**
Sept. 4, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Oliver W. Wanger, District Judge, Presiding
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Josh Thomas, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for second degree murder. Thomas seeks relief on various grounds. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 * In 1982, a California jury convicted Thomas of second degree murder and found that he personally used a firearm. Thomas shot and killed his cousin, Isaak, in the Vagabond Motel room in which they both lived. Thomas tested positive for PCP after his arrest and his defense at trial centered around his alleged incapacity due to his PCP intoxication. Thomas was sentenced to a term of seventeen years to life in prison.
 
 
 4
 Thomas appealed his conviction and subsequently filed petitions for a writ of habeas corpus in both state and federal court. In April, 1996 the federal district court denied Thomas' latest petition. He filed this timely appeal and the district court granted defendant's request for a certificate of probable cause.[1]
 
 II
 
 5
 We review de novo the denial of a petition for habeas corpus. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). State court findings of fact are entitled to deference under 28 U.S.C. § 2254(d), and we review the federal district court's factual findings for clear error. McKenna v. McDaniel, 65 F.3d 1483, 1490 (9th Cir.1995), cert. denied, 116 S.Ct. 1451 (1996).
 
 III
 
 6
 Thomas first argues that his Sixth Amendment right to a fair trial was violated because Blacks were underrepresented on the jury pool. We disagree.
 
 
 7
 The Sixth Amendment guarantees the right to trial by a jury drawn from a representative cross-section of the community. Nevius v. Sumner, 852 F.2d 463, 466 (9th Cir.1988) (citing Taylor v. Louisiana, 419 U.S. 522, 538 (1975)). The original jury venire here was 5% Black (three of 60) and the superior court found that the County at large, from which juries are generally drawn, is 4.8% Black. Therefore, Thomas' claim lacks merit. See, e.g., United States v. Suttiswad, 696 F.2d 645, 649 (9th Cir.1982) (7.7% absolute disparity constitutionally permissible). We afford Judge Henry's findings the presumption of correctness under 28 U.S.C. § 2254(d).
 
 
 8
 Even if Thomas' population numbers were accurate and if the total population of Fresno was 9.2% Black, these figures do not demonstrate a sufficiently disproportionate juror pool (5% Black) to render the jury process unconstitutional. Further, Thomas has not substantiated his claim that the figures relied on by Judge Henry do not account for the systematic undercounting of Blacks in Fresno County. We deny Thomas' claim.
 
 IV
 
 9
 Thomas next argues that the prosecution violated his equal protection rights by excluding Black jurors from the petit jury. We disagree.
 
 
 10
 In Batson v. Kentucky, 476 U.S. 79, 96 (1986), the Supreme Court held that a defendant's constitutional right to equal protection is violated when individuals are purposefully excluded from a jury because of race or group bias. The defendant bears the burden of establishing a prima facie case that the prosecution has used its peremptory challenges to strike potential jurors due to race. Id. at 96-97. If the defendant succeeds, the burden shifts to the prosecution to put forth a race-neutral explanation for each juror excluded. Id. Ultimately, the trial court must decide the veracity of the prosecution's explanation. This determination often turns on credibility, a factual finding which we afford deference. See Hernandez v. New York, 500 U.S. 352, 364-65 (1991).
 
 
 11
 The trial judge accepted the prosecution's reasoning and we see no error in that conclusion.
 
 
 12
 Thomas' claim that the prosecution violated Batson by excluding all minorities from the jury is also meritless. Thomas fails to provide the requisite evidence to prevail on this claim.
 
 V
 
 13
 Thomas next argues that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to: (1) appeal the district court's denial of his Wheeler/Batson motion, (2) appeal the alleged violation of his representative cross-section right, and (3) properly evaluate and investigate the necessary records for his appeal. Thomas' claims lack merit.
 
 
 14
 To prevail on his claim of ineffective assistance of counsel, Thomas must demonstrate that: (1) his counsel's performance, viewed objectively, was outside "the wide range of professionally competent assistance," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.
 
 
 15
 Thomas's counsel was not "ineffective." As discussed in Section III and IV, supra, there was no merit to an appeal based on either a representative cross-section claim or a Wheeler/Batson claim.
 
 
 16
 Thomas' contentions that his counsel failed to properly review the necessary records is also meritless. His arguments are too general to merit review; he merely notes his counsel's lack of diligence and failure to raise various issues on appeal without detailing either specific deficiencies or how those deficiencies resulted in prejudice. We reject Thomas' claim.
 
 VI
 
 17
 Thomas claims that excessive delay in the processing of his appeal violated state court rules and thus his federal due process rights. In determining whether appellate delay amounts to a denial of due process, we consider the length of the delay, the reasons for the delay, the petitioner's assertion of his right to obtain an appeal, and prejudice to the petitioner. Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). While the delay involved here appears to have been rather long, Thomas does not establish the necessary prejudice to prevail. We deny his claim.
 
 VII
 
 18
 Last, Thomas seeks relief on the grounds that the state's evidence was insufficient to support his conviction for second degree murder. In particular he argues that he was incapable of acting with the requisite malice due to his PCP induced incapacity. Our review of a sufficiency of the evidence claim in a habeas petition is limited: we view the evidence in the light most favorable to the prosecution to determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " McMillan v. Gomez, 19 F.3d 465, 468-69 (9th Cir.) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 19
 The record does establish that conflicting evidence was presented as to the effect of Thomas' PCP intoxication on his mental state. Nonetheless, the testimony of the prosecution's expert coupled with other evidence in the record supports Thomas' conviction for second degree murder. Of particular significance was the state's evidence that Thomas hid his pistol, the murder weapon, in the bathroom dispenser soon after shooting Isaak. This action showed Thomas' capacity to understand both his actions and their consequences and supports a finding of malice. See People v. Hansen, 885 P.2d 1022, 1025 (Cal.1994) ("Second degree murder is the unlawful killing of a human being with malice, but without the additional elements (i.e., willfulness, premeditation, and deliberation) that would support a conviction of first degree murder.") (citing Cal. Pen.Code §§ 187(a), 189).
 
 
 20
 We need not address Thomas' argument that the state trial court erred in failing to give either a diminished capacity defense or M'Naughton Rule jury instruction because Thomas failed to raise these issues in the district court. United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 21
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because defendant's original petition was filed before April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 is not applicable to this action. See Lindh v. Murphy, 1997 WL 338568